IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ELVIN STANLEY and
SANDRA G. STANLEY

           Plaintiffs,           5:17-cv-01231
                           Civil Action No.  16-C-233(D)

v.

JPMORGAN CHASE BANK, N.A.,

           Defendant.

## NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase" or "Defendant") hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of Greenbrier County, West Virginia and identified below.  Defendant denies the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.  In support of this Notice of Removal, Defendant would show the following:

## STATEMENT OF COMMENCEMENT OF THE ACTION

Plaintiffs Elvin Stanley and Sandra Stanley (hereinafter "Plaintiffs") commenced this lawsuit in the Circuit Court of Greenbrier County, West Virginia, Civil Action No. 16-C-233(D) (hereinafter the "State Court Action") on or about December 20, 2016.

In this lawsuit, Plaintiff asserts three causes of action.  (*See generally* Compl.)  The causes of action are misrepresentations under W. Va. Code § 46A-2-127, unconscionable conduct under W. Va. Code § 46A-2-128 and fraud. (*See* Compl. Counts I, II and III)  All three causes of action are based on Chase's alleged misrepresentation to Plaintiffs that no flood

insurance was required on their property and they were unable to obtain disaster flood assistance from the federal government after significant flooding. (*Id.*)

## TIMELINESS OF REMOVAL

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999); *Lewis v. Mobile Training & Educ., Inc.*, No. 3:09-0135, 2009 U.S. Dist. LEXIS 38365, at *4 (S.D. W. Va. May 9, 2009). Chase was served on January 10, 2017, by virtue of service of process on the West Virginia Secretary of State. Thus, this Notice of Removal is filed within thirty (30) days of service and is timely.

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Greenbrier County, West Virginia, are attached hereto as **Exhibit A**. Additionally, the Docket Sheet from the State Court Action is attached hereto as **Exhibit B**. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Defendant has given written notice to the Plaintiffs and the Circuit Court of Greenbrier County, West Virginia of the removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION-DIVERSITY

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

A.  **Citizenship of the Parties.**

This action involves citizens of different states. As stated in the Complaint, Plaintiffs are citizens of West Virginia. (Compl. ¶ 2). Plaintiffs admit that Chase has its principal place of business in Ohio, making it a citizen of Ohio. (Compl. ¶ 3). Thus, there is complete diversity between these parties.

B.  **The Amount in Controversy Exceeds $75,000.00.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added). If the removing party establishes by a preponderance of the evidence that an excess of $75,000 is in controversy, the District Court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" (citation omitted)).

When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10-cv-213, 2011 U.S. Dist. LEXIS 62991, at *4 (N.D. W. Va. June 13, 2011). In cases involving unspecified damages, such as the case at bar, the Court should consider the Complaint and the "[t]ype and extent of the plaintiff's injuries and the possible damages recoverable therefore [sic],

including punitive damages if appropriate." *Weddington v. Ford Motor Credit*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (*citing Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted)).

Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, a plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 U.S. Dist. LEXIS 94476, at *6-14 (S.D. W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees was potentially available under the West Virginia Consumer Credit and Protection Act); *Weddington,* 59 F. Supp. 2d at 584-85 (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

In this case, Plaintiffs have alleged that Chase acted fraudulently and engaged in violations of the West Virginia Consumer and Credit Protection Act ("WVCCPA"). *See generally* Compl.) As it relates to Plaintiff's claim of fraud, Plaintiffs are seeking unspecified actual damages. (Compl. ¶¶ 12, 13). Pursuant to Plaintiffs' fraud claim, emotional damages may be available. *Persinger v. Peabody Coal Co.*, 196 W. Va. 707, 474 S.E.2d 887 (1996) ("Damages for annoyance and inconvenience are properly included in compensatory damages awarded in fraud action."). The Court must consider these requested damages in determining the

amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience). Although Plaintiffs do not specifically allege emotional harm as an actual damage, this is a possible damage recoverable under Plaintiffs' claims, and the Court should consider such possible damages, as discussed above. A claim for emotional damages, standing alone, would be sufficient to satisfy the $75,000 amount in controversy requirement. *Weddington*, 59 F. Supp. 2d at 584 (holding that the $75,000 amount in controversy requirement was satisfied when plaintiffs, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation as a result of alleged credit damages.) The *Weddington* Court reasoned that

> While a judgment as to these particular pleas may vary significantly, the Court "is not required to leave its common sense behind." Using common sense, the Court can only imagine what an individual must go through when their credit report has been mistakenly tarnished. In this day and age credit has become the backbone of American Society. Without good credit, an individual is often foreclosed from making large purchases unless accompanied with a large sum of cash. Therefore, on the basis of these damages alone, the Court finds that it would not be unreasonable for a damage judgment to be entered in this case in excess of the jurisdictional requisite of $ 75,000.

*Id.* (internal citation omitted). Thus Plaintiffs' unspecified alleged actual damages could easily exceed the $75,000 amount in controversy requirement as, just like in *Weddington*, the Plaintiffs have alleged Plaintiff Sandra Stanley suffers from diabetes, uses a wheelchair and requires oxygen and that the both Plaintiffs experienced stress, embarrassment and hardship as a result of their inability to repair their home. (Compl. ¶¶ 2(c), 19).

In addition to the unspecified alleged damages for fraud, the Plaintiffs allege violations of West Virginia Code §46A-2-127 and §46A-2-128. (*Id.* at ¶¶ 22, 23, 24, and 25). For each violation, Plaintiffs seek the maximum civil penalty. (Compl. pp. 4 and 5). Plaintiffs have alleged <u>at least</u> 2 violations of the WVCCPA, for which they may recover a statutory penalty of $1,000.[1]

Moreover, Plaintiffs' claim hinges on damages to the property and their own personal suffering because they were unable to have the protection afforded by flood insurance. *See generally* Compl.) The coverage amount of the flood insurance at issue was $142,609 which exceeds the $75,000 amount in controversy requirement.

Plaintiffs also request attorneys' fees for each of their claims, particularly for their WVCCPA claims. (Compl. pp. 12-15). Attorneys' fees are considered part of the amount in controversy in cases brought under statutes providing for such fees. *Saval v. BL LTD*, 710 F.2d 1027, 1033 (4th Cir. 1983); *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 462 (D.S.C. 2005). *See also, Maxwell*, 2009 U.S. Dist. LEXIS 94476, at *6-14 (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the WVCCPA). Therefore, reasonable attorneys' fees should be considered, for the purpose of determining the amount in controversy, on top of the civil penalties for Plaintiffs' WVCCPA claims and actual damages for Plaintiffs' fraud claim.

Additionally, Plaintiffs seek punitive damages under count III of their Complaint. It is well-established that punitive damages may be considered in determining the amount in controversy. *See, e.g., Weddington,* 59 F. Supp. 2d at 584; *Mullins*, 861 F. Supp. at 24.

In sum, the Complaint brings the following amounts into controversy:

---

[1] These allegations are taken from the Complaint. Chase does not concede their veracity.

- Unspecified Actual Damages;

- Statutory Penalties;

- Flood Insurance Coverage;

- Attorneys' fees and costs;

- Punitive Damages; and

- "Other relief" to which Plaintiffs may be entitled in law or in equity.

Plaintiffs have alleged damages in excess of $75,000. As such, the jurisdictional amount is satisfied for purposes of removal.

## VENUE

Under 28 U.S.C. § 1441(a), venue for Plaintiffs' State Court Civil Action is proper in this Court. The United States District Court for the Southern District of West Virginia, Beckley, is the "district and division" for actions removed from the Circuit Court of Greenbrier County, West Virginia, pursuant to 28 U.S.C. § 129(a).

## PRAYER FOR RELIEF

WHEREFORE, Chase respectfully requests that this Court assume jurisdiction over this matter and allow Chase such other and further relief as this Court deems just and proper.

This 9th day of February, 2017.

**JPMORGAN CHASE BANK, N.A.**

*/s/ Kendra L. Huff*
Nathan I. Brown, Esquire (WV Bar No. 11900)
Kendra L. Huff, Esquire (WV Bar No. 12459)
Ashley N. Quaranta, Esquire (WV Bar No. 12802)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, West Virginia  25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

ELVIN STANLEY and
SANDRA G. STANLEY

           Plaintiffs,           5:17-cv-01231
                                     Civil Action No.  16-C-233(D)

v.

JPMORGAN CHASE BANK, N.A.,

           Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing NOTICE OF REMOVAL upon the following individuals via electronic filing with the Court's CM/ECF system, on the 9th day of February, 2017:

        Sarah K. Brown
        Bren J. Pomponio
        Daniel F. Hedges
        Mountain State Justice, Inc.
        1031 Quarrier Street, Suite 200
        Charleston, WV 23501

        /s/ Kendra L. Huff