IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ELVIN STANLEY and
SANDRA G. STANLEY,

           Plaintiffs,

v.                                     CIVIL ACTION NO. 5:17-cv-01231

JPMORGAN CHASE BANK, N.A.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Complaint* (Document 1-2), *Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiffs' Complaint* (Document 5), *Defendant JPMorgan Chase Bank, N.A.'s Memorandum of Law in Support of Its Partial Motion to Dismiss Plaintiffs' Complaint* (Document 6), the *Plaintiffs' Response in Opposition to Defendant's Partial Motion to Dismiss* (Document 8), and *Defendant JPMorgan Chase Bank, N.A.'s Reply in Support of Its Partial Motion to Dismiss Plaintiffs' Complaint* (Document 11). For the reasons stated herein, the Court finds that the motion should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiffs, Elvin and Sandra Stanley, have a mortgage serviced by JPMorgan Chase Bank (Chase). Their home is located in Rupert, Greenbrier County, West Virginia, within Special Flood Hazard Area Zone A. They maintained flood insurance until December 2010. At that time, Chase "cancelled the flood insurance policy on Plaintiffs' property and refunded them the

amount of the premiums they had paid." (Compl. at ¶ 6.) Chase indicated that their property was in flood zone X, and flood insurance was not required. However, "no flood map amendment has occurred, and their home, in fact, remained in zone A," where flood insurance was required. (*Id.* at ¶ 8.)

In June 2016, the Plaintiffs' home was flooded, causing extensive damage to the home and to their possessions. FEMA denied the Plaintiffs' application for assistance because they failed to maintain required flood insurance. Without either flood insurance or FEMA assistance, the Plaintiffs have been unable to fully repair their home. The three-count complaint contains the following causes of action: Count One – Misrepresentations; Count Two – Unconscionable Conduct; and Count Three – Fraud. The Defendant has moved to dismiss Counts One and Two, both of which rely on the West Virginia Consumer Credit and Protection Act (WVCCPA).

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*,

551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

The Defendant argues that the WVCCPA claims should be dismissed because the allegations do not involve misconduct related to debt collection. The Plaintiffs argue that the Defendant's actions—telling them flood insurance was not required and cancelling their flood insurance—took place in the context of debt collection because it occurred in the course of servicing the Plaintiffs' mortgage.

West Virginia Code Section 46A-12-127 provides: "No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." Section 46A-2-128 provides: "No debt collector may use unfair or unconscionable means to collect or attempt to collect any claim." Both provide non-exclusive lists of conduct that would constitute a violation. The WVCCPA defines a "debt collector" as "any person or organization engaging directly or indirectly in debt collection." W.Va. Code § 46A-2-122(d). "Debt collection" is defined as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." § 46A-2-122(c).

The Plaintiffs allege that the Defendant acted wrongfully by cancelling their flood insurance and incorrectly advising them that they did not need flood insurance. The Defendant serviced the Plaintiffs' mortgage, and was therefore involved in ensuring that they maintained necessary insurance. The Court finds that the Defendant's actions were not undertaken in an attempt to collect a claim or information concerning a consumer. The Defendant *returned* funds the Plaintiffs had paid to purchase flood insurance, as opposed to making any claim for payment. The complaint does not contain any allegations that could support a finding or inference that the

cancellation of the flood insurance was designed to collect a debt.[1]  Because the provisions of the WVCCPA relied upon by the Plaintiffs prohibit use of misrepresentations and/or unconscionable behavior to collect debts, the Plaintiffs have not set forth allegations sufficient to state a cause of action under the WVCCPA.   Accordingly, the Court finds that the motion to dismiss Counts One and Two should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiffs' Complaint* (Document 5) be **GRANTED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 29, 2017

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] Indeed, a mortgage holder has an interest in the maintenance of required flood insurance to insure that the property securing the mortgage maintains its value.  Thus, it cannot be reasonably inferred that Chase deliberately misled the Plaintiffs about the flood insurance to somehow help in collecting their mortgage payments.  Minimal statutory research prior to filing a complaint would reveal the legal nullity of such a claim.  Similarly, minimal legal research could lead counsel to legal claims more suited to redress a Plaintiff's factual allegations.  Claims of this nature, so obviously lacking legal support, inhibit efficient resolution of cases and waste valuable judicial and other resources.